# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL JORDAN,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-559

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, to which petitioner has not responded. (Doc. 10). For the reasons stated below the undersigned recommends that the motion be granted.

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On September 3, 2010, the Hamilton County, Ohio, grand jury returned a five-count indictment charging petitioner with two counts of trafficking in cocaine, two counts of possession of cocaine, and one count of conspiracy. (Doc. 9, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to all counts. Petitioner subsequently withdrew his not-guilty plea and pled guilty to two counts of trafficking in cocaine. (Doc. 9, Ex. 2). On January 19, 2011, petitioner was sentenced to a total aggregate prison sentence of eight years in the Ohio Department of Corrections. (Doc. 9, Ex. 3).

Petitioner did not pursue a direct appeal of his conviction and sentence.

## Post-Conviction Petition

On July 11, 2011, petitioner filed a pro se petition to vacate or set aside his judgment of conviction or sentence. (Doc. 9, Ex. 5). Petitioner raised the following four grounds for relief in the petition:

1. Inadequate representation that petitioner received in this case fell below an objective reasonable standard, thus violat[ing] his rights to effective assistance of counsel under the United States and Ohio Constitutions.

2. The trial court denied Michael Jordan his right to due process under the Fourteenth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution, when it accepted an unknowing, unintelligent, and involuntary guilty plea.

3. The defendant was denied his right under the Sixth and Fourteenth Amendment[s] to the effective assistance of counsel when the defense attorney failed to protect his rights at the sentencing hearing.

4. The defendant was denied his right under the Fifth Amendment to the United States Constitution and Section 10 Article 1 of the Ohio Constitution, when the counsel didn't object at sentencing that the defendant should have been sentence[d] to only one conviction as allied offenses.

(Doc. 9, Ex. 5). On February 19, 2013, petitioner filed a motion to supplement his post-conviction petition with a motion to withdraw his guilty plea. (Doc. 9, Ex. 6). On June 24, 2013, the trial court denied petitioner's post-conviction petition. (Doc. 9, Ex. 7).

Petitioner filed a timely notice of appeal to the Ohio Court of Appeals on July 24, 2013. (Doc. 9, Ex. 8). On November 20, 2013, the Ohio appeals court dismissed the appeal for petitioner's failure to file a transcript of proceedings with the appeal. (Doc. 9, Ex. 9).

On December 31, 2013, petitioner filed a merit brief, which was struck from the record on January 3, 2014. (Doc. 9, Ex. 10). Petitioner subsequently filed a motion to clarify the record, which was also denied by the appeals court on March 28, 2014. (Doc. 9, Ex. 11, 12). Petitioner

also filed an affidavit for declaration, motion to be viewed under less stringent standards, and motion for findings of fact and conclusions of law, which were struck by the Court of Appeals on November 24, 2014. (Doc. 9, Ex. 13). Finally, petitioner filed a motion for reconsideration on December 22, 2014, which was denied on January 7, 2015. (Doc. 9, Ex. 14, 15).

Petitioner did not pursue an appeal to the Ohio Supreme Court.

### Federal Habeas Corpus

On May 7, 2016, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 1 at PageID 16). Petitioner raises the following single ground for relief in the petition:

> The petitioner has been denied due process and equal protection of the law due to the state court's refusal to view the petitioner under less stringent standards in violation of the 5th and 14th Amendments of the United States Constitution and Section 1, 16; Article I of the Ohio Constitution.
>
> The Supporting Facts:
> [1]. (Mr. Jordan filed a post-conviction petition with the trial court). [2]. (The trial court denied the post-conviction petition two (2) years later). [3]. (Mr. Jordan appealed the denial of this post-conviction petition to the appellate court). [4]. (The appellate court dismissed Mr. Jordan's appeal by stating that the transcript of proceedings was not filed). [5]. (Mr. Jordan filed a motion pursuant to Civ.R.60(B)(5) regarding the appellate court's dismissal of his appeal). [6]. (The appellate court dismissed Mr. Jordan's motion pursuant to Civ.R.60(B)(5)). [7]. (Mr. Jordan filed a petition for writ of mandamus with the Ohio Supreme Court regarding the dismissal of his motion pursuant to Civ.R.60(B)(5)). [8]. (The Ohio Supreme Court dismissed Mr. Jordan's petition for writ of mandamus).

(Doc. 1 at PageID 15).

---

[1] The petition was filed with the Court on May 18, 2016. (*See* Doc. 1, Petition). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on May 7, 2016. (*See* Doc. 1 at PageID 16). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on May 7, 2016.

3

Respondent has filed a motion to dismiss the petition, arguing that the petition is time-barred and that petitioner procedurally defaulted his single ground for relief. (Doc. 10). Although petitioner was granted an extension of time up to and including December 21, 2016 to file a response, petitioner has not responded to the motion to dismiss. (*See* Doc. 12).

**II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED**

In petitioner's single ground for relief, petitioner contends that he was denied his constitutional rights in the adjudication of his post-conviction petition in the Ohio courts. Petitioner's claims of error in the post-conviction proceedings fail to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state postconviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir. 1986)). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247. *See also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 386–87 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby,* 794 F.2d at 247–48.

To the extent that petitioner intends to raise the claims presented in his post-conviction petition as grounds for relief in this habeas corpus action, petitioner has procedurally defaulted his claims for relief by failing to present the claims to the Ohio Supreme Court. In recognition of the

equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson,* 459 U.S. at 6; *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the default of a federal claim in the state court may preclude federal habeas review if the state court judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

5

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris*, 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[2] In cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar,

---

[2] In *Harris*, the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris*, 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "actual prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner did not satisfy the fair presentation requirement because petitioner failed to present the claims raised in the post-conviction petition on appeal to the Ohio Supreme Court. Because petitioner failed to present the state's highest court with an opportunity to correct the errors alleged in the petition, he has waived the claims unless he demonstrates cause for and

prejudice from his procedural default in the state courts or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See, e.g., Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 495.

Petitioner has not argued, much less demonstrated, cause for his procedural default or that failure to consider the claims will result in a miscarriage of justice. As noted above, petitioner did not file a response to the motion to dismiss. In the petition he does argue that the Ohio courts refused to view the petitioner under less stringent standards. To the extent that petitioner may contend that his pro se status is sufficient to demonstrate cause, his position is without merit. A petitioner's pro se status or any "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004); *see also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995) (pro se status before the Supreme Court of Ohio is insufficient to establish cause to excuse procedural default).

Accordingly, in sum, the undersigned finds that petitioner has procedurally defaulted and waived his claims for relief in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review,

because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/4/17

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL JORDAN,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-559

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).